# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN ABEL; DEBORAH ABEL, <br><br> Plaintiffs, <br><br> vs. <br><br> SUMMIT LENDING SOLUTIONS, INC.; NDEX WEST, LLC, INDYMAC MORTGAGE SERVICES, a division of ONEWEST BANK, FSB.; GUARANTY RESIDENTIAL LENDING, INC.; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., <br><br> Defendants. | CASE NO. 09cv1892 JM(NLS) <br><br> ORDER GRANTING MOTION TO DISMISS, OR ALTERNATIVELY FOR SUMMARY JUDGMENT; DECLINING TO EXERCISE SUPPLEMENTAL JURISDICTION OVER STATE LAW CLAIMS; DENYING MOTION FOR TEMPORARY RESTRAINING ORDER AS MOOT |

Defendants NDEX West, LLC ("NDEX") and Onewest Bank, FSB ("Onewest") move to dismiss the First Amended Complaint ("FAC") for failure to state a claim pursuant to Fed.R.Civ.P. 12(b)(6) or, alternatively, for summary judgment pursuant to Fed.R.Civ.P. 56. Plaintiffs Brian Abeel and Deborah Abeel move for a temporary restraining order ("TRO") to prevent the scheduled foreclosure sale of their home. All motions are opposed. Pursuant to Local Rule 7.1(d)(1), this matter is appropriate for decision without oral argument. For the reasons set forth below, the court grants the motion to dismiss, or in the alternative for summary judgment, and dismisses all federal claims with prejudice; declines to exercise supplemental jurisdiction over the state law claims; and denies the TRO as moot. The Clerk of Court is instructed to close the file.

**BACKGROUND**

The FAC, filed on February 3, 2010, alleges two federal claims for violation of RESPA, 12 U.S.C. §2605 et seq., and the Truth In Lending Act ("TILA"), 15 U.S.C. §1601 et seq. Plaintiff also asserts supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over the four state law claims for intentional misrepresentation, breach of fiduciary duty, quiet title and violation of Cal. Bus. Prof. Code §17200. Plaintiff alleges that defendant NDEX "is or was" acting in the capacity of Trustee on the Trust Deed. (FAC ¶ 4). Defendant Onewest is the current servicing company of the loan. (FAC ¶8).

Plaintiffs claims arise from the March 30, 2005 refinancing of their home, located in Ramona, California. (FAC ¶6). Defendant Guarantee Residential Lending, Inc. ("Guarantee"), an alleged correspondent lender for defendant Indymac, funded the loan in the amount of $650,000. (FAC ¶6). At the time of closing, "Plaintiffs executed a promissory note for the amount borrowed, which was secured by the Trust Deed." Id. Plaintiffs allege that defendant Guarantee misrepresented their income at $14,925 per month when, in actuality their yearly income for 2004 was on average $915 per month. (FAC ¶9). Plaintiffs also allege that the APR was understated by 5.854% (actual 10.017%, stated 4.163%), and the amount financed was understated by $982,465 (actual $1,542,705, stated $560,240). (FAC ¶15).

Plaintiffs also allege that the home was scheduled to be sold at a trustee's foreclosure sale on February 8, 2010. Plaintiffs allege that the scheduled "trustee's sale is invalid as Defendant NDEX was not substituted as Trustee until April 30, 2009, whereas they file the Notice of Default (NOD) on the property on March 23, 2009, while they were not yet trustee on the TD, and therefore had no right or authority to file the NOD." (FAC ¶18).

NDEX and Onewest now move to dismiss the complaint for failure to state a claim or, alternatively, for summary judgment. Plaintiffs move to enjoin the trustee's foreclosure sale from going forward. All motions are opposed.

**DISCUSSION**

**Legal Standards**

Rule 12(b)(6)

Federal Rule of Civil Procedure 12(b)(6) dismissal is proper only in "extraordinary" cases.

1  United States v. Redwood City, 640 F.2d 963, 966 (9th Cir. 1981). Courts should grant 12(b)(6) relief
2  only where a plaintiff's complaint lacks a "cognizable legal theory" or sufficient facts to support a
3  cognizable legal theory. Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1990). Courts
4  should dismiss a complaint for failure to state a claim when the factual allegations are insufficient "to
5  raise a right to relief above the speculative level." Bell Atlantic Corp v. Twombly, __550 U.S. __, 127
6  S.Ct. 1955 (2007) (the complaint's allegations must "plausibly suggest[]" that the pleader is entitled
7  to relief); Ashcroft v. Iqbal, 129 S.Ct. 1937 (2009) (under Rule 8(a), well-pleaded facts must do more
8  than permit the court to infer the mere possibility of misconduct). "The plausibility standard is not
9  akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has
10 acted unlawfully." Id. at 1949. Thus, "threadbare recitals of the elements of a cause of action,
11 supported by mere conclusory statements, do not suffice." Id. The defect must appear on the face of
12 the complaint itself. Thus, courts may not consider extraneous material in testing its legal adequacy.
13 Levine v. Diamanthuset, Inc., 950 F.2d 1478, 1482 (9th Cir. 1991). The courts may, however,
14 consider material properly submitted as part of the complaint. Hal Roach Studios, Inc. v. Richard
15 Feiner and Co., 896 F.2d 1542, 1555 n.19 (9th Cir. 1989).
16      Finally, courts must construe the complaint in the light most favorable to the plaintiff. Concha
17 v. London, 62 F.3d 1493, 1500 (9th Cir. 1995), cert. dismissed, 116 S. Ct. 1710 (1996). Accordingly,
18 courts must accept as true all material allegations in the complaint, as well as reasonable inferences
19 to be drawn from them. Holden v. Hagopian, 978 F.2d 1115, 1118 (9th Cir. 1992). However,
20 conclusory allegations of law and unwarranted inferences are insufficient to defeat a Rule 12(b)(6)
21 motion. In Re Syntex Corp. Sec. Litig., 95 F.3d 922, 926 (9th Cir. 1996).
22      Rule 56
23      A motion for summary judgment shall be granted where "there is no genuine issue as to any
24 material fact and . . . the moving party is entitled to judgment as a matter of law." FED. R. CIV. P.
25 56(c); Prison Legal News v. Lehman, 397 F.3d 692, 698 (9th Cir. 2005). The moving party bears the
26 initial burden of informing the court of the basis for its motion and identifying those portions of the
27 file which it believes demonstrates the absence of a genuine issue of material fact. Celotex Corp. v.
28 Catrett, 477 U.S. 317, 323 (1986). There is "no express or implied requirement in Rule 56 that the

moving party support its motion with affidavits or other similar materials <u>negating</u> the opponent's claim." <u>Id.</u> (emphasis in original).  The opposing party cannot rest on the mere allegations or denials of a pleading, but must "go beyond the pleadings and by [the party's] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file' designate 'specific facts showing that there is a genuine issue for trial.'" <u>Id.</u> at 324, 106 S. Ct. At 2553 (citation omitted).  The opposing party also may not rely solely on conclusory allegations unsupported by factual data. <u>Taylor v. List</u>, 880 F.2d 1040, 1045 (9th Cir. 1989).

The court must examine the evidence in the light most favorable to the non-moving party. <u>United States v. Diebold, Inc.</u>, 369 U.S. 654, 655 (1962).  Any doubt as to the existence of any issue of material fact requires denial of the motion. <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 255 (1986).  On a motion for summary judgment, when "'the <u>moving party</u> bears the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence were uncontroverted at trial.'" <u>Houghton v. South</u>, 965 F.2d 1532, 1536 (9th Cir. 1992) (emphasis in original) (quoting <u>International Shortstop, Inc. v. Rally's, Inc.</u>, 939 F.2d 1257, 1264-65 (5th Cir. 1991), <u>cert. denied</u>, 502 U.S. 1059 (1992)).

**The TILA Claims**

Among other things, moving Defendants come forward with evidence to show that the TILA damages claims are time-barred by TILA's one year statute of limitations. 15 U.S.C. §1640(e). TILA requires that any damages claim based upon the alleged failure to make the required disclosures be brought within one year from the date the loan documents were signed. <u>Meyer v. Ameriquest Mort. Co.</u>, 342 F.3d 899, 902 (9th Cir. 2003). As Plaintiffs executed the loan documents on March 30, 2005, (FAC ¶6), the commencement of the present action on August 31, 2009 bars the present damages claims. While equitable tolling principles may apply to damages claims under §1640(e), <u>King v. California</u>, 784 F.2d 910, 915 (9th Cir. 1986), Plaintiffs fail to come forward with evidence to show any basis for equitable tolling.[1]  Consequently, the court grants summary judgment in favor of the Defendants and against Plaintiffs.

With respect to the TILA rescission claim, the court concludes that this claim is time-barred

---

[1] The court notes that the FAC does not set forth any allegations in support of equitable tolling.

by TILA's three-year statute of limitations. 15 U.S.C. §1635(f) ("An obligor's right of rescission shall expire three years after the date of consummation of the transaction.") The Supreme Court has held that "section 1635(f) completely extinguishes the right of rescission at the end of the three-year period." Beach v. Ocwen Federal Bank, 523 U.S. 410, 412 (1998). Section "1635(f) is a statute of repose, depriving the courts of subject matter jurisdiction when a §1635 claim is brought outside the three-year limitation period." Miguel v. Country Funding Corp., 309 F.3d 1161, 1164 (9th Cir. 2002); Taylor v. Money Store, 42 Fed.Appx. 932 (9th Cir. 2002) ("Equitable tolling does not apply to rescission under [§1635(f)] of TILA."). As Plaintiffs executed the loan documents on March 30, 2005, (FAC ¶6), the commencement of the present action over four years later on August 31, 2009 bars the present claims for rescission.

In sum, the court grants the motion to dismiss, or alternatively for summary judgment, the TILA claims. The Clerk of Court is instructed to enter judgment on the TILA claims in favor of Defendants and against Plaintiffs.

**The RESPA Claims**

Among other things, Defendants submit undisputed evidence that the RESPA claim is also time-barred. Plaintiffs broadly allege that Defendants violated RESPA by failure to make required disclosures under 12 U.S.C. §2607 and Reg. X, 24 C.F.R. §3500.14(b). (FAC ¶¶63-66). In the case of violations of 12 U.S.C. §2607, RESPA provides a one-year statute of limitations and, for other violations of RESPA, a three-year statute of limitations. 12 U.S.C. §2614. As Plaintiffs executed the loan documents on March 30, 2005, (FAC ¶6), the commencement of the present action over four years later on August 31, 2009 bars the present RESPA claims. While certain RESPA claims may be subject to equitable tolling, the court notes that Plaintiffs fail to submit any evidence, or even allege, that the RESPA claim is equitably tolled.

In sum, the court grants the motion to dismiss, or alternatively for summary judgment, the RESPA claim. The Clerk of Court is instructed to enter judgment on the RESPA claim in favor of Defendants and against Plaintiffs.

**Supplemental Jurisdiction under 28 U.S.C. §1331**

The court also sua sponte reviews its subject matter jurisdiction over the action. See Maniar

1  v. FDIC, 979 F.2d 782, 785 (9th Cir. 1992) (the court may sua sponte review its subject matter
2  jurisdiction). Federal courts are courts of limited jurisdiction. "Without jurisdiction the court cannot
3  proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the
4  only function remaining to the court is that of announcing the fact and dismissing the cause." Steel
5  Co. v. Citizens for a Better Environment, 523 U.S. 83, 94 (1998) (quoting Ex parte McCardle, 74 U.S.
6  (7 Wall.) 506, 514, 19 L.Ed. 264 (1868)). Accordingly, federal courts are under a continuing duty to
7  confirm their jurisdictional power and are even "obliged to inquire sua sponte whenever a doubt arises
8  as to [its] existence. . . ." Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle, 429 U.S. 274, 278 (1977)
9  (citations omitted).

10  In light of the dismissal of the federal claims, the court concludes that it lacks subject matter
11 jurisdiction under 28 U.S.C. §1331 to entertain Plaintiffs' state causes of action. Once all federal
12 claims are dismissed from an action, the court has discretion to decline to exercise supplemental
13 jurisdiction over state law claims. 28 U.S.C. §1367(a). Plaintiffs, as the parties who invoke federal
14 jurisdiction, have the burden of demonstrating the existence of federal jurisdiction. See Gaus v.
15 Miles, Inc. 980 F.2d 564, 566 (9th Cir. 1992); B., Inc. v. Miller Brewing Co., 663 F.2d 545 (5th Cir.
16 1981).

17  Here, there is no federal claim over which the court has original jurisdiction and the court
18 declines to exercise supplemental jurisdiction over the state law claims. When federal claims are
19 dismissed early in the case, courts routinely decline to exercise supplemental jurisdiction over the
20 remaining state law claims. See Carnegie-Mellon Univ v. Cohill, 484 U.S. 342, 350 (1988). Where
21 a district court declines to exercise supplemental jurisdiction, the state law claims should be expressly
22 dismissed without prejudice. Bass v. Parkwood Hosp., 180 F.3d 234, 246 (5th Cir. 1999). As
23 considerations of judicial economy, convenience and fairness to the parties do not strongly support
24 the retention of jurisdiction, the court declines to exercise discretion over the state law claims and
25 dismisses the state law claims without prejudice.

26 **The Motion for TRO**

27  In light of the dismissal of all federal claims with prejudice, and the dismissal of the state law
28 claims without prejudice, the court denies the motion for a TRO as moot.

1    In sum, the court grants the motion to dismiss, or alternatively for summary judgment, and
2 dismisses all federal claims arising under TILA and RESPA; denies the TRO as moot, and dismisses
3 all state law claims without prejudice.  The Clerk of Court is instructed to close the file.
4    **IT IS SO ORDERED.**
5 DATED:  April 9, 2010

_____
Hon. Jeffrey T. Miller
United States District Judge

cc:        All parties